PEOPLE v. ROLANDELLI.

(Court of Special Sessions, New York County. April 2, 1915.)

INTOXICATING LIQUORS ⬯154(1)—OFFENSES—STATUTE APPLICABLE—ILLEGAL SALE.

    Where defendant held a license authorizing him to traffic in liquors as provided in Liquor Tax Law (Consol. Laws, c. 34) § 8, subd. 2, in quantities less than five gallons, no part of which were to be drunk on the premises, his act in selling two glasses of whisky to be drunk on the premises was a traffic in liquors under section 8, subd. 1, providing for an excise tax upon the business of trafficking in liquors to be drunk on the premises, and section 30, providing that it shall not be lawful for any person who has not paid a tax as provided in section 8, and complied with the provisions of the chapter to sell liquor in any quantity whatever, any part of which is to be drunk on the premises, and punishable under section 36, subd. 2, providing penalties for one holding a liquor tax certificate, who violates sections 8 and 30.

    [Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 168; Dec. Dig. ⬯154(1).]

Stefano Rolandelli was charged with violation of the Liquor Tax Law. Judgment of conviction.

Appeal dismissed, 169 App. Div. 927, 153 N. Y. Supp. 1134.

Argued before KERNOCHAN, P. J., and McINERNEY and FRESCHI, JJ.

Charles Albert Perkins, Dist. Atty., and Leslie S. Lockhart, Deputy Asst. Dist. Atty., both of New York City, for the People.

Kaulfuss & Callahan, of New York City (Joseph M. Callahan, of New York City, of counsel), for defendant.

FRESCHI, J. There are two counts in the information filed by the district attorney against the defendant, who is charged with a violation of the Liquor Tax Law. The first count charges the sale of two glasses of whisky to Police Officers Clune and Sullivan, in the premises No. 208 Bleecker street, in the city and county of New York, "to

be drunk on the premises aforesaid, without 'the defendant' having paid the excise tax assessed by the Liquor Tax Law upon the business of trafficking, at and upon the said premises, of liquors to be drunk thereon, as provided in subdivision 1 of section 8 of the Liquor Tax Law." The second count alleges that a violation of the Liquor Tax Law was committed, in that the defendant did, on the day hereinbefore mentioned, unlawfully sell whisky in quantities less than five gallons, "no part of which was sold to be drunk, or was drunk, on the said premises," without having paid the excise tax assessed by the Liquor Tax Law upon the business of so trafficking, at and upon the said premises, in liquors in quantities less than five gallons, as provided by subdivision 2 of section 8 of the said Liquor Tax Law.

At the trial the defendant did not dispute the proof, which tends to establish that the defendant sold to the said officers the whisky as charged, that said whisky was drunk upon the said premises, and that the defendant did not have at that time and at that place a liquor tax certificate authorizing the sale of liquors to be drunk upon said premises, and that he did not pay the excise tax assessed for such trafficking in liquor. The defendant, however, offered in evidence a so-called second-class certificate, permitting the sale, on the premises in question, of liquors in quantities less than five gallons not to be drunk thereon, and he now claims that, in view of the nature of the averment in the first count of the information and of the proof of the existence of his license, he is entitled to an acquittal thereon. It must be conceded that the second count in the information has not been made out, because of the license proven by defendant, authorizing him to sell liquors as provided in subdivision 2 of section 8 of the Liquor Tax Law.

The defendant relies upon the, following authorities to sustain his contention on the motion for an acquittal: Huffstater v. People, 5 Hun, 23; People v. Buffum, 27 Hun, 216; People v. Locatelli, 160 N. Y. Supp. 863 (not yet officially reported, opinion by Deuel, J., Court of Special Sessions, March, 1910), which seems to be based on the two earlier cases, decided under an earlier and now repealed statute. I am of the opinion that the defendant did, within the meaning of article 1, § 2, traffic in liquors; that the said traffic was in liquors to be drunk upon the premises where sold; and that he had not paid the excise tax as provided by article 2, § 8, of the Liquor Tax Law "upon the business of trafficking in liquors to be drunk upon the premises where sold." The Liquor Law, in section 30, provides:

"It shall not be lawful for any person who has not paid a tax as provided in section 8 of this chapter and obtained and posted the liquor tax certificate as provided in this chapter to sell, offer or expose for sale, or give away liquors in any quantity less than five wine gallons at a time; nor, without having paid such tax (as provided in section 8, subdivision 1), and complied with the provisions of this chapter to sell * * * liquor in any quantity whatever, any part of which is to be drunk on the premises of such vendor. * * *"

The Legislature obviously intended that the words "such tax" meant the tax assessed for the sale of liquor "any part of which is to be drunk

on the premises of the vendor," and such trafficking in violation of the last-quoted section is thereby declared to be unlawful. One may violate in two ways under section 30. There may be a sale without any license at all, and there may be an illegal sale of liquor—that is, where it is sold to be drunk on the premises where the sale is made, by one holding a license under subdivision 2 of section 8. Section 36 of the Liquor Tax Law, which provides the penalties for the violation of this chapter, in subdivision 1 thereof, reads as follows:

"Any person trafficking in liquors, * * * who shall neglect or refuse to make application for a liquor tax certificate, or give the bond, or pay the tax imposed as required by this chapter, shall be guilty of a misdemeanor, and upon conviction therefor shall be punished by a fine of not less than two hundred dollars nor more than twelve hundred dollars, and shall also be imprisoned in a county jail or penitentiary for a term of not less than thirty days or more than one year."

Subdivision 2 of the same section reads that:

"Any person * * * who shall violate any of the provisions of section 8, * * * or * * * 30 shall be guilty of a misdemeanor, and upon conviction therefor shall be punished by a fine of not more than five hundred dollars or by imprisonment in a county jail or penitentiary for a term of not more than one year, or by both such fine and imprisonment, and shall forfeit the liquor tax certificate held by him at the date of such conviction, and be deprived of all rights and privileges thereunder, and of any right to a rebate of any portion of the tax paid thereon. * * *"

It would seem that this mandatory punishment provided in subdivision 1 of section 36 would be applicable to the case at bar, were it not for the clause in subdivision 2 of said last-quoted section, which provides with reference to the punishment mentioned in subdivision 2:

"But this clause does not apply to violations of section 30 of this chapter, by a person not holding a liquor tax certificate, * * * the punishment for which is provided in the first clause of this section."

It is apparent that the Legislature regarded the trafficking in liquors without a license of any kind, in violation of section 30, as a more serious offense than any violation of the Liquor Tax Law committed by a licensed person, who is prohibited from trafficking in liquor to be drunk where sold, and that a sharp distinction between such unlicensed and licensed offenders of said section 30 should be made in the character of the punishment provided. The former sells without any authority, and in the case of the latter there is an inhibition against a sale of liquor to be drunk on the premises. This clause under consideration seems to prohibit the punishment being imposed in accordance with subdivision 2 of section 36 for a violation of section 30 by a person not holding a license; that is, by a person who is not authorized to traffic in liquors at all. There can be no question that the defendant is one who traffics lawfully in liquor, when it is sold not to be drunk on the premises. For that purpose he has a license, and when he allows the liquor to be sold and drunk on his premises, then he violates the law.

Since the defendant is the holder of a liquor tax certificate, I have come to the conclusion that the punishment laid down and provided in subdivision 1 of section 36 cannot be legally imposed upon the de-

fendant, but that, since he has violated the provisions of section 8 and 30, he shall be adjudged guilty of a misdemeanor and punished in the manner prescribed in subdivision 2 of section 36 of the said Liquor Tax Law. The Huffstater Case, supra, does not apply in my opinion to the case at bar, inasmuch as there was no allegation in the indictment therein that the liquor in that case was sold to be drunk on the premises. In fact, Gilbert, J., writing for the court, stated:

"There is no averment in the indictment that the plaintiff in error violated that prohibition."

Such an averment is contained in the information now before the court, and the proof of the case clearly shows that the defendant violated in that regard. The same is true as to the facts charged in the indictment and the proof before the court in the Buffum Case, supra.

Since the allegations in the first count of the information are deemed sufficient, and the proof in the case has sustained the charge, the defendant shall be adjudged guilty of the crime charged in the first count of the information herein, and the judgment of this court shall be made to fit the allegations and the proof, and he is, accordingly, fined the sum of $25, and in default of payment thereof the defendant shall be committed to the City Prison for the term of 10 days, together with such forfeiture of his certificate as is made and provided for in such case by the statute. All concur.